IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 6:10-296-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Thomas Cook, III, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Thomas Cook, III's ("Cook") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court dismisses Cook's motion as second or successive.

On March 17, 2010, a federal grand jury returned a one-count indictment charging Cook and ten co-defendants with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and a quantity of marijuana. On June 16, 2010, a superseding indictment charged Cook with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine. Cook subsequently pled guilty pursuant to a written plea agreement to count 1 of the superseding indictment on June 14, 2011. On October 6, 2011, Cook was sentenced to a total term of imprisonment of 151 months. Cook did not appeal his conviction.

Proceeding pro se, Cook filed a § 2255 motion on September 4, 2012, which was dismissed on January 15, 2013. Cook appealed and the Fourth Circuit dismissed the appeal on June 28, 2013. Cook filed the instant § 2255 motion on November 13, 2013, arguing that his sentence violates the recent United States Supreme Court decision, Alleyne v. United States, 133 S. Ct. 2151 (2013).

1

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." "[A] . . . § 2255 petition that is properly dismissed as time-barred . . . constitutes an adjudication on the merits for successive purposes." Villanueva v. United States, 346 F.3d 55, 61 (2d Cir. 2003). "[A] prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals." United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Cook has not obtained the pre-filing authorization necessary to proceed with the instant motion–a second or successive motion under § 2255. Therefore, this court lacks jurisdiction over Cook's § 2255 motion and it is summarily dismissed. In addition, even if the court could consider the instant motion as timely, it is without merit because "the Supreme Court has not held that *Alleyne* is retroactive to cases under collateral review for purposes of rendering that claim timely under Section 2255(f)(3)." Parker v. United States, Civil Case No. 2:13-cv-00010-MR, Criminal Case No. 2:06-cr-00002-MR-1, 2013 WL 4442038, at *2 n.3 (W.D.N.C. Aug. 16, 2013) (unpublished); Ward v. United States, Civil No. 1:13-cv-00214-MR, Criminal No. 1:02-cr-00063-MR-1, 2013 WL 4079267, at *2 (W.D.N.C. Aug. 13, 2013) (finding that petitioner's motion was untimely and § 2255(f)(3) did not apply because the Supreme Court has not found that Alleyne is retroactive to cases on collateral review).

2

Therefore, it is

**ORDERED** that Cook's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, docket number 830, is denied. It is further

**ORDERED** that a certificate of appealability is denied because Cook has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

                                                                   s/Henry M. Herlong, Jr.
                                                                   Senior United States District Judge

Greenville, South Carolina
November 19, 2013

## NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.